FILED
CLERK
6/1/2017 4:21 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMEL WILLIAMS,

                Petitioner,                    **OPINION AND ORDER**
  -against-                                03-cr-795 (SJF)
                                                                                    14-cv-4055 (SJF)

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge:

Petitioner Jamel Williams ("Williams") moves this Court pursuant to 28 U.S.C. § 2255 to vacate his sentence of imprisonment. (*See* § 2255 Motion (Dkt. 1) and Memorandum in Support ("Mov. Br.") (Dkt. 2)). The United States of America (the "Government") has filed a response in opposition to Williams' motion, and Williams has filed a reply brief in further support of his motion. (*See* Response in Opposition ("Opp.") (Dkt. 5); Williams' Reply to the Government's Response of August 6, 2014 ("Reply") (Dkt. 10)). For the following reasons, Williams' motion is denied.

**I.    BACKGROUND**

    **A.    Relevant Procedural History Preceding § 2255 Motion**

On July 13, 2005, a federal grand jury in the Eastern District of New York returned a superseding indictment, charging Williams with, *inter alia*, possessing and conspiring with other members of a racketeering enterprise to distribute 50 or more grams of a substance containing cocaine base (*i.e.*, "crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846. (E.D.N.Y. Case No. 03-cr-795 ("Cr. Dkt.") 148, 153). The case was assigned to United States District Judge David G. Trager and United States Magistrate Judge Steven M. Gold. On October 31, 2005, Magistrate Judge Gold held a plea allocution hearing, during which Williams pled guilty to the

1

charge of possessing and conspiring to distribute 50-plus grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, pursuant to a plea agreement with the Government. (*See* Transcript of Criminal Cause for Pleading before the Honorable Steven M. Gold ("Plea Tr.") (Cr. Dkt. 194) at 13-14, 22). At the time of his allocation, Williams was in the midst of serving an eight-year state prison sentence for a prior state court narcotics-sales conviction. (*See id.* at 14). During his allocation, Williams affirmed, *inter alia*, that in 2001 and 2002, he and other members of a racketeering enterprise conspired to and did sell more than 1.5 kilograms of crack cocaine in Brooklyn. (*See id.* at 23-26).

Williams and the Government agree that, at some point prior to the plea hearing and sentencing, the Government filed an information, pursuant to 21 U.S.C. § 851(a)(1),[1] indicating that, in 2002, Williams had been convicted in state court for selling narcotics, and was thus subject to an enhanced mandatory minimum sentence of 20 years imprisonment under the pre-Fair Sentencing Act of 2010 ("FSA") version of 21 U.S.C. § 841(b)(1)(A)(iii) then in effect.[2] (*See* Mov. Br. at 2, 6-7, 16; Opp. at 1-2; Reply at 2-5). On July 18, 2007, Judge Trager held a sentencing hearing during which Williams' counsel acknowledged that "the government filed a

---

1  21 U.S.C. § 851(a)(1) provides:

**(a) Information filed by United States Attorney**

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of the sentence.

2  Under the current iteration of 21 U.S.C. § 841(b)(1)(A)(iii), any person convicted of, *inter alia*, distributing or possessing with the intent to distribute 280 grams or more of crack cocaine who has a "prior conviction for a felony drug offense" is subject to a minimum term of imprisonment of 20 years, rather than the 10-year minimum for non-prior offenders. Prior to the FSA's enactment, the weight threshold for crack cocaine was 50 grams. *See* FAIR SENTENCING ACT OF 2010, PL 111-220, August 3, 2010, 124 Stat 2372.

2

prior felony offender statement which fundamentally mandates for a minimum sentence of 20 years before the Court." (*See* Transcript of Criminal Cause for Sentencing before the Honorable David G. Trager ("Sentencing Tr.") (Cr. Dkt. 412) at 2). Williams' counsel indicated that Williams contested certain contents of the pre-sentence report, but that, "giv[en] the [Government's] [§ 851(a)(1)] filing, I don't know that it ultimately impacts the sentencing." (*Id.* at 2-3). Judge Trager sentenced Williams to 240 months imprisonment, to run concurrent with his state sentence, with credit for time served since May 15, 2002, the beginning of his state incarceration. (*Id.* at 5). On July 25, 2007, the Clerk entered judgment. (Cr. Dkt. 329). Williams did not file an appeal.

On January 4, 2013, following the reassignment of his case from Judge Trager to District Judge Brian M. Cogan, Williams filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence from 240 months to 188 months. (Cr. Dkt. 524). Williams argued that the FSA, which increased from 50 to 280 grams the crack cocaine weight threshold necessary to trigger a 20-year minimum sentence for a defendant with a prior drug conviction, should be applied retroactively to reduce his sentence. (*See generally id.*). On January 16, 2013, the case was reassigned to this Court. On July 15, 2013, this Court denied Williams' § 3582(c)(2) motion on the basis that, under controlling precedent, the FSA cannot be applied retroactively to reduce a sentence that became final prior to its enactment. (Cr. Dkt. 541); *see U.S. v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (FSA does not have retroactive effect).

    **B.**    **Williams' § 2255 Motion**

On June 27, 2014, Williams filed the present motion to vacate his July 2007 sentence pursuant to 28 U.S.C. § 2255. Substantively, Williams argues that his sentence should be vacated because: (1) the pre-FSA version of 21 U.S.C. § 841(b)(1)(A)(iii) violated the Equal Protection

Clause of the Fourteenth Amendment, as it mandated that someone convicted of selling 50 grams of crack cocaine receive the same sentence as someone convicted of selling 500 grams of powder cocaine, disproportionately burdening black defendants vis-à-vis white defendants, and the failure to apply the FSA retroactively to Williams' conviction also violates the Equal Protection Clause; (2) prior to imposing the enhanced 240-month sentence based upon Williams' prior state conviction, Judge Trager did not, pursuant to 21 U.S.C. § 851(b), "inquire … whether he affirms or denies that he has been previously convicted" or "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence"; and (3) the imposition of an enhanced 240-month sentence based upon his prior state drug conviction was rendered invalid by the Supreme Court's subsequent decision in *Descamps v. U.S.*, 133 S.Ct. 2276 (2013). (*See* Mov. Br. at 7-16).

## II. LEGAL STANDARDS

### A. § 2255 Generally

28 U.S.C. § 2255(a) provides:

> **(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. U.S.*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotations omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more

difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotations omitted). A prisoner may receive an evidentiary hearing on his § 2255 motion unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [he] is not entitled to relief…" *Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009).

### B. § 2255 Statute of Limitations

28 U.S.C. § 2255(f) provides:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where a defendant does not file a direct appeal, a judgment of conviction is deemed final under § 2255(f)(1), and the one-year limitations period begins running, when the deadline for filing a direct appeal expires. *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005). As Williams did not appeal, his conviction became final on August 8, 2007, the last day that he could have filed a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**III.    DISCUSSION**

The Government primarily argues that Williams' § 2255 motion must be denied because it is untimely, as he filed it nearly seven years after his conviction became final.  (*See* Opp. Br. at 4-6).   Williams concedes that his motion is untimely if measured from the date that his conviction became final under § 2255(f)(1) (*see* Mov. Br. at 3), but argues that his motion is timely because: (1) he is actually innocent of "both the underlying offense and … the 240 month sentence imposed," and thus exempt from § 2255(f) limitations periods, in accordance with *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); and (2) he is asserting rights newly recognized by the Supreme Court in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013) and *Descamps v. U.S.*, 133 S.Ct. 2276 (2013), opinions issued on June 17, 2013 and June 20, 2013, respectively, and his motion is thus timely under § 2255(f)(3).   (*See* Mov. Br. at 3-6, 14-16; Reply at 5-7).

    **A.**    ***McQuiggin*: The Actual Innocence Exception**

In *McQuiggin*, the Supreme Court held that a state prisoner filing a federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 could overcome the applicable limitations periods set forth in 28 U.S.C. § 2244(d)(1) and have his otherwise untimely petition reviewed on the merits upon an adequate showing of "actual innocence," just as habeas petitioners who are able to show "actual innocence" may be able to overcome certain other procedural hurdles.   *See McQuiggin*, 133 S.Ct. at 1931-32, 1935-36.   Though the *McQuiggin* decision involved an exception to the limitations periods set forth in § 2244, which is applicable to state prisoners, given the similarities between the limitations language in § 2244(d)(1)[3] and that in § 2255(f), and the overriding

---

3  28 U.S.C. § 2244(d)(1) provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

6

concern "that federal constitutional errors do not result in the incarceration of innocent persons," *Herrera v. Collins*, 506 U.S. 390, 404 (1993), the Court assumes that *McQuiggin* applies with equal force to habeas petitions filed by federal prisoners. The *McQuiggin* Court held that, in order "[t]o invoke the [actual innocence] exception to [§ 2244(d)(1)'s] statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in light of the *new evidence*.'" *McQuiggan*, 133 S.Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added). This "demanding" standard requires a petitioner to present "'*evidence* of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316) (emphasis added).

Williams contends that, because he "asserts his 'actual innocence' to both the underlying offense and to the 240 month sentence imposed," his "present motion is timely." (Mov. Br. at 6). However, in order to successfully invoke the exception, he must do much more than assert his actual innocence; he must present evidence of it. Williams has presented no evidence that he is actually innocent of the underlying crime that he pled guilty to: conspiring with other members of a racketeering enterprise to sell 50 or more grams of crack cocaine. As Williams notes, the actual innocence exception to § 2255(f)'s limitations periods arguably extends not only to the underlying crime, but to other conduct considered by the court during the sentencing phase of a noncapital

---

seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

case where that conduct serves as a basis for increasing the sentence. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170-72 (2d Cir. 2000) ("there is no reason why the actual innocence exception [to rule that a state prisoner must exhaust state remedies] should not apply to noncapital sentencing procedures"). In that context, a petitioner wishing to invoke the "actual innocence" exception to a procedural bar must present evidence that he "is actually innocent of the act on which his harsher sentence was based." *Id.* at 172. But Williams offers no evidence that he is actually innocent of the conduct underpinning his 2002 state narcotics-sales conviction.

Williams seemingly also bases his "actual innocence" argument on the fact that, prior to imposing the sentence, Judge Trager did not "inquire … whether [Williams] affirm[ed] or denie[d] that he ha[d] been previously convicted as alleged in the [Government's § 851(a)] information," in accordance with 21 U.S.C. § 851(b). (*See* Reply at 2-4, 6-7). However, in order to proceed with an otherwise untimely petition based upon "actual innocence," the petitioner must present evidence that he is actually innocent of the underlying crime, not merely that the sentencing court committed some technical error. "The Supreme Court, exploring the term 'actual innocence' in the course of determining whether a habeas claim may be entertained despite the applicant's prior default and his inability to make the cause-and-prejudice showing that would excuse the default, has made clear that 'the concept of actual innocence' is 'distinct from the concept of legal innocence.'" *Poindexter v. Nash*, 333 F.3d 372, 380-81 (2d Cir. 2003) (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986)) (alterations omitted). "'In the context of a noncapital case, the concept of actual innocence is easy to grasp,' … because it normally simply means that the defendant did not commit the crime." *Id.* (quoting *Sawyer v. Whitley*, 505 U.S. 333, 341 (1992)) (additional citations omitted). As Williams has presented no evidence to support his assertion of "actual

innocence" with respect to either the federal crime to which he pled guilty or criminal conduct underpinning the prior state conviction, he may not proceed with his untimely § 2255 motion by way of the "actual innocence" exception.

B. **Newly Recognized Rights**

At the outset of his moving brief, Williams "submits that *Alleyne* … [and] *Descamps* … should be applied retroactively to Williams's case." (Mov. Br. at 2). Williams never mentions *Alleyne* again, and addresses *Descamps* only in the context of arguing that it should apply retroactively, without discussing how, even if applied retroactively, he believes it impacts his sentence. (*See id.* at 14-16). The Government did not address Williams' references to *Alleyne* and *Descamps*. (*See* Opp., *passim*). In his reply brief, Williams contends that, because he cited *Alleyne* and *Descamps*, both of which the Supreme Court decided in June 2013, his motion is timely under § 2255(f)(3). (Reply at 4-6). As an initial matter, the Supreme Court issued its *Alleyne* decision on June 17, 2013 and its *Descamps* decision on June 20, 2013 – both more than one year before June 26, 2014, the date on which Williams filed his present petition. In any event, neither are retroactively applicable on collateral review and neither would otherwise have any bearing upon Williams' sentence, both requirements under § 2255(f)(3).

New rules of constitutional law pronounced by the Supreme Court apply retroactively to already-final convictions "only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The "limited circumstances" in which new constitutional rules do apply retroactively on collateral review can be found in Justice O'Connor's plurality opinion in *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny. *Teague* recognized two categories of rules that do apply retroactively. "First, courts must give retroactive effect to new substantive rules of constitutional law." *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016). "Substantive rules include 'rules

9

forbidding criminal punishment of certain primary conduct,' as well as 'rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Id.* (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989); citing *Teague*, 489 U.S. at 307). "Second, courts must give retroactive effect to new 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *Penry*, 492 U.S. at 352; citing *Teague*, 489 U.S. at 312-13). The "watershed rules" category is "extremely narrow"; following *Teague*, the Supreme Court has "rejected every claim that a new rule satisfied the requirements for watershed status." *Whorton v. Bockting*, 549 U.S. 406, 417-18 (2007) (quotations omitted). With these principles in mind, we turn to Williams' reliance upon *Alleyne* and *Descamps*.

1. *Alleyne*

*Alleyne* involved a man who was convicted, following a jury trial, on charges of, *inter alia*, Hobbs Act robbery, 18 U.S.C. § 1951(a), and using or carrying a firearm in connection with a crime of violence, 18 U.S.C. § 924(c)(1)(A). *Alleyne*, 133 S.Ct. at 2155. The baseline mandatory minimum sentence under § 924(c)(1)(A) is five years. *See* 18 U.S.C. § 924(c)(1)(A)(i). However, "if the firearm is brandished" during the "crime of violence," the mandatory minimum sentence is seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Though the jury's verdict form did not contain a finding that the firearm was "brandished," the pre-sentence report recommended the enhanced seven-year sentence and the district court (later affirmed by the Fourth Circuit) adopted the seven-year recommendation over Alleyne's objection that doing so violated his Sixth Amendment right to a jury trial. *See Alleyne*, 133 S.Ct. at 2156. The Supreme Court reversed, holding that any facts that increase mandatory minimum sentences must be proved beyond a reasonable doubt and determined by a jury. *Id.* at 2162-63.

*Alleyne* is not retroactively applicable on collateral review. *See Francis*, 2016 WL 2865422, at *9 (citing *U.S. v. Hoon*, 762 F.3d 1172, 1173-74 (10th Cir. 2014) and *Gil v. U.S.*, No. 14-cv-1336, 2015 WL 4617235, at *4 (S.D.N.Y. Aug. 3, 2015)). In any event, *Alleyne* is inapplicable to Williams' conviction and sentence. First, *Alleyne* applies to jury trials. By pleading guilty, Williams waived his right to a jury trial. Second, even if Williams had not pled guilty and had proceeded to trial, the existence of a prior conviction – the basis for Williams' sentence enhancement under § 841 – is not a fact that must be determined by a jury under *Alleyne*. *See Alemendez-Torres v. U.S.*, 523 U.S. 224, 247 (1998) (existence of prior conviction, which operates to increase possible punishment, need not be treated as an element of offense and submitted to jury); *Alleyne*, 133 S.Ct. at 2160, n. 1 ("In *Almandez-Torres* …, we recognized a narrow exception to this general rule [that penalty-increasing facts must be treated as elements of crime] for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

### 2. *Descamps*

*Descamps* involved a man who was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he was deemed to have three prior convictions for "violent felonies," which, under the ACCA, include "burglary, arson, or extortion…" *See Descamps*, 133 S.Ct. at 2281-83; 18 U.S.C. § 924(e)(2)(B)(ii). Descamps argued that a prior California burglary conviction could not count as a prior offense under the ACCA because there is a mismatch between California's definition of "burglary" and the "generic" (*i.e.*, federal, and most other states) definition of burglary: California's broader definition does not require unlawful entry, while the narrower "generic" definition does. *See id.*

11

at 2282. Rather than accept Descamps' argument and compare the definitions alone, the district court (later affirmed by the Ninth Circuit) employed what is referred to as the "modified categorical approach" – it looked to both the definitions and certain documents from the prior California burglary case that shed light on how Descamps committed the burglary in that particular instance (*i.e.*, whether he entered unlawfully). *See id.* at 2282-83. The Supreme Court held that it is improper to employ the "modified categorical approach" where the underlying state offense "contain[s] a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense," and that courts are to instead compare the state and "generic" definitions themselves without regard to the specifics of the particular underlying offense. *Id.* at 2283.

*Descamps* is not retroactively applicable on collateral review. *See Francis v. U.S.*, Nos. 14 Civ. 2311(NRB), 06 Cr. 0080(NRB), 2016 WL 2865422, at *8 (S.D.N.Y. May 13, 2016); *Spells v. U.S.*, Nos. 14-cv-3774 (PKC), 04-cr-1304 (PKC), 2014 WL 5520691, at *1 (S.D.N.Y. Oct. 29, 2014). In any event, even if it were retroactively applicable, it would have no bearing on Williams' sentence. Under the pre-FSA version of § 841, "[i]f any person [possessed with the intent to distribute 50 or more grams of crack cocaine] after a prior conviction for a *felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years…" 28 U.S.C. § 841(b)(1)(A)(iii) (emphasis added). A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State … that prohibits or restricts conduct relating to narcotic drugs…" 21 U.S.C. § 802(44). According to Williams, "[t]he prior conviction of which the government based [its] filing of prior felony information pursuant to § 851 was the 12/04/2002 [New York State] drug case in violation of [New York Penal Law] § 220.39(1)." (Reply at 7). New York Penal Law § 220.39(1) provides that "[a] person is guilty of criminal sale of a controlled

substance in the third degree when he knowingly and unlawfully sells … a narcotic drug…" and that the "[c]riminal sale of a controlled substance in the third degree is a class B felony." N.Y. Penal Law § 220.39. In New York, a Class B felony is punishable by up to 25 years imprisonment. *See* N.Y. Penal Law § 70.00(2)(b). By the plain terms of the relevant statutes, someone who has been previously convicted of violating § 220.39(1) of the New York Penal Law is someone who has "a prior conviction for a felony drug offense" under § 851. There is no need to employ the "modified categorical approach" at issue in *Descamps*, or any other approach other than reading the relevant statutes according to their plain terms.

As neither *Alleyne* nor *Descamps* are retroactively applicable or relevant to Williams' conviction and sentence, Williams cannot rely upon either to re-start the limitations clock under § 2255(f)(3). His motion is thus denied as untimely.

## IV. CONCLUSION

For the reasons set forth above, Williams' motion to vacate, set aside, or correct his sentence of imprisonment pursuant to 28 U.S.C. § 2255 is denied. Given that it is clear from the record that Williams is not entitled to § 2255 relief, the Court will not hold an evidentiary hearing on his motion. The Court declines to issue a certificate of appealability because Williams has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to serve notice of entry of this order upon Williams and to close this case.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: June 1, 2017
      Central Islip, New York